PER CURIAM. Defendant calls attention to the fact that the estoppel upon which the court based its opinion was not pleaded. It did not need to be, since the answer of a defendant is open to every objection of law or fact as if specially pleaded, replication not being allowed under our law. Hen. Dig. 1155, No. 1.

Rehearing refused.

———

(47 South. 606.)

No. 17,145.

### LONG v. CHARLES KAUFMAN CO'., Limited.

(Nov. 4, 1908.)

1. CONTRACTS (§ 322*)—BREACH—EVIDENCE.

In an action for breach of a package delivery contract, evidence *held* to require a finding that the contract had been extended prior to defendant's breach for a period of two years, and that defendant's termination of the contract was not justified by plaintiff's alleged unsatisfactory service.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 322.*]

2. CONTRACTS (§ 326*)—BREACH—DAMAGES.

Plaintiff could not recover for breach of a delivery service contract, in the absence of proof that he had sustained damages thereby.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 326.*]

3. CONTRACTS (§ 326*)—BREACH—DAMAGES—STATUTES.

Civ. Code, art. 2749, providing that if, without any serious ground of complaint, a man send away a laborer whose services he has hired for a certain time before the time has expired, he is bound ·to pay the salary for the full term, applies only to contracts for personal services, and does not justify a recovery for breach of a contract for package delivery service, without proof of actual damages.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 326.*]

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by George W. Long against the Charles Kaufman Company, Limited. Judgment for defendant, and plaintiff appeals. Judgment set aside, and suit dismissed.

August Aman Callongne and Arthur John Peters, for appellant. Solomon Wolff, for appellee.

PROVOSTY, J. The defendant company conducts a large dry goods store in the city of New Orleans. Plaintiff alleges that he entered into a contract with it to furnish it delivery wagons and drivers, and to furnish bond to protect it against the loss of any merchandise, or of any money collected by him or his drivers, at so much per wagon per week, the term of the contract to be 2 years; that he performed said contract; that just before the expiration of the 2 years the contract was renewed in writing for another term of 2 years, and before the expiration of the latter 2 years was again renewed for another 2 years; that this last renewal was verbal; that 4 months 25 days after this last renewal the defendant company, without cause and without warning, refused to make use any longer of his wagons and drivers; that he tendered same to defendant in vain; and that thereupon he notified defendant he would hold it liable for the amount that would have accrued under said contract during the unexpired term thereof, had it been suffered to continue, namely,

the sum of $4,731; and he prays judgment against defendant for said sum.

Defendant denies that the contract was renewed at the expiration of the second 2 years, and, in the alternative, contends that, if it was renewed, the imperfect manner in which plaintiff was performing it furnished good ground for putting an end to it, and contends, finally, that plaintiff has proved no· damages, and therefore must at best be nonsuited.

Plaintiff testifies that the renewal took place in the course of a conversation between himself and Mr. Charles A. Kaufman, the president of the defendant company. Mr. Kaufman denies that any such conversation ever took place, and says that he was in New York at the date assigned to it by plaintiff.

We think that the fact that the wagons continued to be used after the expiration of the second two years, and the further fact that the bond for protection of defendant was renewed, sufficiently corroborate the testimony of the plaintiff, especially when it is considered how improbable it is that a business of $57 a week would have gone on for five months without there having been between the parties an understanding of some kind, and yet, according to Mr. Kaufman, there was none whatever.

The alternative contention of there having been just cause for discontinuing the use of plaintiff's wagons is not better founded. The alleged grounds of complaint are that the drivers of plaintiff would keep goods overnight or bring them back, on the pretense of the address having been bad, and that, instead of always using wagons having the name of the defendant upon them, which served as an advertisement of the defendant's store, the plaintiff's drivers would sometimes transfer the goods to wagons having the names of rival stores.

The drivers of plaintiff testify that the only goods that were kept overnight, or that were brought back, were those whose address was wrong, and which on that account could not be delivered. The only goods that were transferred to another wagon were those for Carrolton, which were transferred to an accommodation wagon bearing no other mark than "Special."

Suffice it to say of these alleged grounds of complaint that Mr. Long was never advised of any dissatisfaction with the service furnished by him. The shipping clerk testifies that the service was satisfactory.

Plaintiff, however, not having proved any damages, cannot recover any. The contention of his counsel that the contract in question comes under article 2749, Civ. Code, and that, therefore, damages can be recovered without proof of any loss, cannot be sustained. That article applies only to contracts for personal services. See authorities cited in Merrick's Code under the article.

Judgment set aside, and plaintiff's suit dismissed as in case of nonsuit.